IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| CAMRON D. IVY, : | Case No. 1:24-cv-691 |
| Plaintiff, : | Judge Matthew W. McFarland |
| v. : | |
| LEBANON CORRECTIONAL : INSTITUTE, et al., : | |
| Defendants. : | |

## ORDER AND OPINION

This action is before the Court on the Report and Recommendation (the "Report") (Doc. 4) of United States Magistrate Judge Chelsey M. Vascura, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge allows Plaintiff's individual-capacity Eighth Amendment claims against Defendants Carter and Coffee, but recommends the dismissal of Plaintiff's remaining claims. Plaintiff filed Objections (Doc. 5) to the Report. Thus, the matter is ripe for review.

As a preliminary matter, Plaintiff's Objections were inadvertently filed as a "Notice to the Court," but the docket has been corrected to reflect the nature of Plaintiff's filing. The Court will thus refer to ECF Doc. 5 as Plaintiff's Objections. In the related case, No. 1:24-CV-570, the Magistrate Judge had also provided a Report and Recommendation, and Plaintiff filed an identical Objections document, as the Objections concern both Reports. (*See* 1:24-cv-570, Doc. 10.) However, the date to timely file objections had passed

when the Court received Plaintiff's document. As a result, the Court had already adopted the Report in 1:24-CV-570. While the Objections were not timely made in the present case either, since the Court has not yet ruled on the Report, in the interests of justice, it will consider the Objections as they relate to this case.

In the Report, the Magistrate Judge finds that Plaintiff failed to state a claim upon which relief can be granted. Lebanon Correctional Institute (LECI), as an arm of the state, is shielded from suit by the doctrine of sovereign immunity. The doctrine also shields from suit Officers Carter and Coffee acting in their official capacities. In his Objections, none of Plaintiff's statements confront the reasoning or conclusions of the Report and Recommendation. Specifically, Plaintiff fails to identify any reason why his official capacity claims against the individual Defendants and his claims against LECI are not barred by sovereign immunity.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon such review, the Court finds that Plaintiff's Objections (Doc. 5) are not well-taken and are accordingly **OVERRULED**. The Court **ADOPTS** the Report and Recommendations (Doc. 4) in its entirety and **ORDERS** the following:

1. Plaintiff's claims against Defendants Coffee and Carter in their official capacities are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's claims against Lebanon Correctional Institute are **DISMISSED WITH PREJUDICE**; and

3. Plaintiff's Eighth Amendment claims against Defendants Coffee and Carter in

their individual capacities **MAY PROCEED**.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND